[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford at Milford.
Docket Number CR97-108369.
Don Cretella, Defense Counsel, for Petitioner
Mary Galvin, Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION
Although this application was not timely filed, it is undisputed that the petitioner was not advised of his right to have his sentence reviewed at the time of his sentencing. Under these circumstances, the Review Division waives the statutory requirements of Connecticut General Statutes § 51-195.
After pleading guilty to kidnaping, 1st degree (§ 53a-92); CT Page 7016 burglary, 1St degree (§ 53a-101) and larceny, 1st degree (§53a-122), the petitioner was sentenced to 25 years for kidnaping, 5 years concurrent for burglary and 5 years consecutive for larceny. The total effective sentence was 30 years. This was a court indicated sentence although the petitioner was afforded the right to argue for less. These crimes occurred on Thursday, October 9, 1997 when the then sixteen year old petitioner broke into the home of the victim, an oncology nurse who had fallen asleep on her couch after work. Sometime after dark she awoke to see the petitioner in her living room. He jumped on her and began to punch her about the head and face than began to choke her to overcome her resistance. He forced her into the bathroom where he threatened her with a metal pipe and she was either pushed or fell into the tub. He bound her hands tightly with duct tape, took her to the basement, and ordered her to lie flat on her stomach. He taped one of her hands to a metal support pole, then taped her mouth and eyes. He then used a chain to secure her second hand to the pole and left, stealing her automobile and a credit card which he used to pay for gas, and approximately $900 of merchandise at Bloomingdale's and Pathmart stores.
The victim, who was pregnant at the time was not discovered until Sunday, October 12th when co-workers, concerned that she had missed work, called the police who entered the home by forcing a cellar window. The victim, clad only in a nightgown was found still secured to the pole. She was hospitalized for three days and sustained scarring on her arms from a chemical reaction from the duct tape. Her child was eventually born, apparently without harm while inutero.
The petitioner's attorney states that he reviewed convictions for similar charges for the past year and the average sentence was 15 to 15 1/2 years, and that, therefore, this sentence was disproportionate. The petitioner supports his request for a modification by pointing out his remorse and that he cooperated with the police when he was apprehended.
The State's Attorney asks the Division to increase his sentence. Her position is that the petitioner got a break given the severity of the crime and his maximum exposure of 65 years.
The victim in this case was subjected to unimaginable terror during her four day ordeal, literally left to die by starvation or dehydration. It was fortuitous that her co-workers took the action they did. Counsel's comparable sentence argument is devoid of any factual comparisons, but our experience suggests these facts are far more chilling than most.
On the other hand, while an argument could be made that the petitioner could have received a more severe sentence which this Division would be CT Page 7017 likely to affirm, we do not conclude that the sentence was disproportionately lenient. It certainly falls within the parameters of reasonable discretion given the nature of the offense, the age, background and character of the petitioner as well as the deterrent, rehabilitative, isolative and denunciatory purposes a sentence is intended to serve.
Accordingly, the sentence is affirmed.
KLACZAK, MIANO and O'KEEFE, J.s, participated in this decision.